BOYER, Judge.
This case involves the application of unusual procedure to unusual facts. The parties will be referred to by their positions in the trial court.
In the summer of 1971, plaintiff, who was interested in purchasing a home, met the defendant, a licensed real estate broker, in a restaurant. The defendant invited plaintiff to his office and later introduced him to one Juanita Patterson, a licensed sales person employed by defendant. Juanita Patterson began looking for a house that would suit plaintiff’s needs. In the fall of 1971, she learned that the estate of Inez Miller had a house for sale. The house was listed with another realtor. Mrs. Patterson made arrangements for plaintiff to make an offer to purchase the house, which offer was accepted.
Sometime prior to 1971, the date not being material here, the City of Gainesville passed a municipal ordinance requiring connection to the city sewer system of any property within 200 feet of a sewer line. The evidence reveals that the ordinance was generally unenforced and its existence was not of significant notoriety.
After entering into a contract to acquire the subject property, plaintiff discovered for the first time that the sewage in the home was hooked up to its own septic tank and not to the city sewer system. Plaintiff thereupon, fearing that he might be fined for being in violation of the city-ordinance, voluntarily complied at a cost of $615.00.
Plaintiff thereupon sued the defendant (real estate broker) alleging that he (the broker) was aware of the ordinance but had deliberately and intentionally failed to disclose same to plaintiff and that plaintiff relied upon the representation of the defendant, claiming damages in the sum of $850.00 plus punitive damages in the sum of $2,000.00. The defendant answered, denying knowledge of the ordinance, misrepresentation and reliance, and affirmatively alleged that the plaintiff himself failed to make reasonable inspection or inquiry, and further, that the plaintiff knew the property was not in fact connected to the city sewer line.
The case was tried before the court without a jury. The trial judge made written findings of fact and conclusions of law incident to the entry of a final judgment in favor of the plaintiff. He specifically found and recited that defendant was not guilty of fraud or deceit in dealing with the plaintiff but amended the complaint to “conform with the evidence * * * to allege a cause of action based on the theory of negligence.” He did not, however, apply the doctrine of comparative negligence,[1] although the answer of defendant alleged (without using the exact words) contributory negligence. The Court further recited “This court specifi *189 cally holds that it was and is a duty of the broker to disclose to a prospective purchaser the compliance or noncompliance with any county or municipal ordinance relating to the health or safety of those occupying the property and that that disclosure substantially affects the interest of the buyer so as to warrant full inquiry and disclosure by the broker to the buyer” and thereupon found the defendant guilty of negligence, but made no finding as to contributory negligence nor comparative negligence, entering a judgment in favor of the plaintiff and against the defendant for $615.00 plus interest and costs.
The defendant-broker seeks review by this Court.
Every word in the record on appeal has been carefully read. There is no evidence that the defendant was, at the time of his dealing with the plaintiff, aware of the existence of the city ordinance. Neither is there any evidence that the defendant, nor his agent, was aware of the proximity of the subject property to the nearest city sewer line. The record is devoid of any evidence that city sewage was at any time discussed by the parties although the plaintiff emphatically testified that whether the property was connected to a septic tank or to city sewage was of much significance to him. (He admitted however that he made no inquiry pertaining thereto.) He testified in that regard that he remembered asking whether other properties that he had looked at were connected to city sewage, but he made no inquiry relative to the subject property. He further disclaimed any suggestion, thought, or allegations that Mrs. Patterson, with whom he had primarily dealt, intentionally or willfully failed to disclose to him the fact that the property was not connected to city sewage. Indeed, the evidence is clear, abundant and uncontradicted that the city itself had no records as to which properties were connected to city' sewage and that the only way to make that determination was to arrange for a city employee or a plumber to make a “dye test” or else physically excavate to the sewage connections to determine if the discharge was into a septic tank or into the city sewage line. The plaintiff testified that he was required to make several calls to personnel in the city hall and retain the services of two plumbers before he was able to ascertain that the property was not in fact connected to the city sewer line.
Finding, as we do, that the evidence is insufficient to sustain imposition of liability upon defendant (appellant) it is not necessary for us to consider the numerous other points raised by appellant.
Reversed and remanded with directions to enter judgment in favor of defendant, appellant here.
RAWLS, C. J., and McCORD, J., concur.

. Hoffman v. Jones, Sup.Ct.Fla.1973, 280 So.2d 431.